# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

JAMES MARCUM,                    )
                                 )
       Plaintiff,            )
                                 )
v.                               )    No. 10-6116-SSA-CV-SJ-MJW
                                 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration,  )
                                 )
       Defendant.            )

## ORDER

Plaintiff James Marcum seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on July 7, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

On August 25, 2006, plaintiff James Marcum (hereinafter "Marcum") filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning September 1, 2000. Marcum alleges he lost his job in the Air Force as an air traffic controller due to his diabetes. Marum was 38 years of age at the time. Since that time, the Administrative Law Judge (ALJ) determined that Marcum has not engaged in substantial gainful activity but has worked on a limited basis from August 2005 to September 2008 as a substitute teacher, and as a pizza delivery driver. Marcum alleges disability due to bipolar disorder and pain in his feet and legs.

The ALJ found that through Marcum's date of last insured (December 31, 2006), he has suffered from the severe impairments of diabetes mellitus and bipolar disorder. The ALJ determined Marcum to have the residual functional capacity to perform light exertional work with noted restrictions in areas in which Marcum was believed to have some physical or mental limitation. The ALJ determined that Marcum was not under disability, as defined in the Social

Security Act, at any time from September 1, 2000, Marcum's alleged onset date, through December 31, 2006, the date last insured.

Marcum alleges that the ALJ erred at Steps 2 and 3 of the evaluation process in not finding his diabetic neuropathy to be a severe impairment. Marcum also alleges that the RFC failed to account for limitations caused by his neuropathy, and that the ALJ erred in discounting his credibility.

Upon review of the record, it is clear that the ALJ's determination at Step 2 that Marcum suffered from the severe impairment of diabetes incorporated Marcum's resulting diabetes neuropathy. The ALJ's listing of "diabetes mellitus" as a severe impairment properly addressed Marcum's neuropathy at Steps 2 and 3 of the evaluation process. The ALJ also properly discussed the neuropathy at the RFC stage of the evaluation process. There is substantial evidence in the record to support that the ALJ properly considered Marcum's neuropathy at Steps 2 and 3 and at the RFC stage of the evaluation process.

In assessing a claimant's credibility, an ALJ must consider all the evidence related to the subjective complaints, the claimant's daily activities, observations of third parties, and the reports of treating and examining physicians. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). If an ALJ explicitly discredits a claimant's testimony and gives good reason for doing so, the court will normally defer to the ALJ's credibility determination. Gregg v. Barnhart, 354 F.3d 710, 713-14 (8th Cir. 2003). This is exactly what the ALJ did here. The ALJ specifically discussed Marcum's medically determinable impairments of diabetes and bipolar disorder, but determined, based on the evidence in the record as a whole, that Marcum's statements concerning the intensity, persistence and limiting effects of his symptoms were not fully credible. The ALJ noted that during the pendency of his disability claim proceedings, claimant had been enrolled in college on a full-time basis and was only a few hours from obtaining his masters degree in education. The ALJ also noted that Marcum had not been invited for substitute teaching jobs because he was accused (and he denied) of sexually harassing a female student in one district and terminated from another for inappropriate use of a computer; and lost his job as a delivery driver because of too many traffic tickets. The ALJ also noted Marcum's stated aspiration of teaching in the junior college setting where less standing and classroom time would

3

be required than with his experience in student teaching. Based on the foregoing, this court finds that the ALJ's conclusion that Marcum's self-reported symptoms were not entirely credible is supported by substantial evidence. "The ALJ may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole." Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ did not err by discrediting the severity of Marcum's symptoms.

**Conclusion**

After review of the parties' briefs, the decision of the ALJ, the transcript of the hearing and the medical and documentary evidence, this Court finds substantial evidence in the record to support the Commissioner's decision.

Accordingly, it is ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 12th day of September, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge